UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. TURNER, JR.,

    Plaintiff,

              v.                             Civil Action No. 14-89 (JEB)

U.S. PAROLE COMMISSION,

    Defendant.

## MEMORANDUM OPINION

Plaintiff David L. Turner, Jr., has filed three *pro se* Complaints in the District of Columbia Superior Court in the last few months, all of which have been removed to this Court. See ECF No. 1 (Notice of Removal), Exh. A (Superior Court Complaint, Nov. 25, 2013); Turner v. U.S. Parole Commission, No. 14-261, ECF No. 1 (Notice of Removal), Exh. A (Superior Court Complaint, Dec. 31, 2013); Turner v. Corrections Corp. of America, No. 14-381, ECF No. 1 (Notice of Removal), Exh. A (Superior Court Complaint, Feb. 3, 2014). The crux of each of his suits is that he was wrongfully imprisoned and then illegally detained until 2013 at the Correctional Treatment Facility here in the District.

In this case, his Complaint names the U.S. Parole Commission as the sole Defendant and claims that he was falsely arrested and improperly incarcerated from October 18, 2011, to April 20, 2013. See Compl. at 1. He also alleges that "[t]he U.S. Parole Commission had hold on my

person for 25 mo[n]ths with no probable cause, at all." Id. In addition, "the U.S. Commission has implemented 16 month parole illegally." Id. The USPC moved to dismiss, arguing that the Complaint does not state sufficient facts upon which relief may be granted and also asserting sovereign immunity as a defense. Plaintiff responded that he wished the case not to be dismissed and to be returned to the Superior Court. See ECF No. 5 (Motion for Case Not to be Dismissed).

On February 21, 2014, this Court issued an Order, informing Plaintiff that his Complaint was "plainly insufficient on its face." See ECF No. 7 at 1. It did not dismiss the case, however; instead, it "afford[ed] Plaintiff another opportunity to set forth his claim in sufficient detail. He must explain what he contends occurred here, why it violated his rights, and why the USPC is the proper Defendant." Id. at 2. The Court permitted Plaintiff to file an Amended Complaint by March 14, 2014, or, it warned, the matter would be dismissed without prejudice. Id. Instead, Plaintiff has filed a "Motion of response to Defendants Motion for Dismissal [*sic*]." See ECF No. 8. This muddled two-page pleading sets forth no further facts and, instead, cites to the FTCA [Federal Tort Claims Act] and alleges negligence, false imprisonment, and abuse of process. Id. at 2.

This Court is sensitive to fact that "'*[p]ro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.'" Angellino v. Royal Family Al-Saud, 688 F.3d 771, 778 (D.C. Cir. 2012). Yet, the difficulty here is that Plaintiff has never said what the USPC did wrong. If his claim is that the police wrongfully arrested him, then he should so state and name those officers or, in some circumstances, the District of Columbia as defendants. If, instead, he believes that he was overdetained at the Correctional Treatment Facility, then his beef is with the Corrections Corporation of America, which he has in fact sued in civil action no. 14-381. See Wormley v.

United States, 601 F. Supp. 2d 27 (D.D.C. 2009) (denying CCA's motion to dismiss suit for overdetention at CTF).  If, alternatively, he believes that the USPC was somehow involved and violated his rights in its procedures or actions, he needed to say why.  Before he contemplates bringing such an action against the Commission, however, Plaintiff should be aware that certain claims may be blocked by sovereign immunity or a failure to exhaust administrative remedies under the Federal Tort Claims Act.  See Stoddard v. U.S. Parole Commission, 900 F. Supp. 2d 38, 40-42 (D.D.C. 2012).

At this point, despite giving Plaintiff a second chance to explain the basis of his suit, the Court cannot even discern whether his imprisonment was the result of a revocation of supervised release or whether he is currently under supervision.  In other words, Plaintiff has never stated how the USPC is responsible for his injury.  As a result, the Court will dismiss the matter without prejudice.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: March 13, 2014